Our final case of the day is Dvorak v. Granite Creek GP. Mr. Lainer. Good morning, Your Honors. May it please the Court, I'm Randall Lainer on behalf of the appellant, Peter Dvorak. This appeal turns on whether to read the Illinois Savings Statute as written or to add or subtract words from its plain text. As this Court has held in Conover v. Lean and the Illinois Supreme Court has held in DeClerk v. Simpson, the Illinois Savings Statute is to be narrowly construed and only applies to the six specific categories of dismissals contained in the text. Because only those specific categories listed in the text of the statute can trigger the effects of it and the statute is to be read narrowly, the statute cannot be expanded to cover any other kinds of dismissals not specifically stated in the plain text. Following that precedent and well-established rules of statutory construction leads to only one conclusion here. The joint stipulation of dismissal between Mr. Dvorak and the appellees dismissing the 2015 federal complaint does not trigger the Illinois Savings Statute because a joint stipulation of dismissal is not one of the specific and limited categories listed in the text of the statute. The parties here agree that the category in the statute in dispute states that the Illinois Savings Statute is voluntarily dismissed by the plaintiff. The statute does not say it applies when the action is dismissed by joint stipulation. But doesn't a joint stipulation affect a voluntary dismissal under the federal rules? A joint stipulation is a voluntary dismissal, Your Honor, but And by the plaintiff. That's what Rule 41A1 says. Well, it's by the plaintiff and the defendant. And if you look at the cases that have been, that we relied on in our case, the courts there have held that it is a distinct act, a joint stipulation of dismissal is different than a voluntary dismissal by the plaintiff. So what do you make of the fact that Rule 41A1 classifies a joint stipulation as a voluntary dismissal by the plaintiff? Well, that is a heading. Do you want us to disagree? That's a heading. It sounds like you do. That's a heading in the rules, Your Honor. And as I cited in our reply brief, a heading is not interpretive of what the rule actually means. Why not? Well, because if you look, if you look at Polaron and you look at Sutton places It wasn't added by some codifier. This is the language of the Supreme Court, sending to Congress something that was adopted as a package by the Federal Rules Committee. Understood, Your Honor. However, Polaron and Sutton both made a distinction. If they thought there was two of the same things, a voluntary dismissal by a plaintiff, those cases wouldn't have distinguished a joint dismissal by stipulation from a voluntary dismissal by a plaintiff. The Court's made very clear one requires joint action just on the face of it where the other one can be unilaterally undertaken by a plaintiff. And that's the language that's in the Illinois Saving Statute. If the Saving Statute had intended to be applied to a joint stipulation dismissal, that language would be in there. Or if it was just going to apply to any kind of voluntary dismissal, then it would render to read the statute out of the words by the plaintiff would render those words superfluous. And of course, statutory interpretation should not render any of the words in the statute superfluous by its application. So returning to here as well to the cases that have been identified, I mentioned Polaron and Sutton place. And both of those cases were decided under federal procedural law. And that is also something that's an agreement here among the parties is that federal procedural law controls the characterization of the dismissal here. And all of the cases that have been identified. Yes, that's your main problem. Federal procedural law, Rule 41, describes this as a dismissal by the plaintiff. Federal procedural law controls the characterization of federal procedure. And yet you want us to ignore how Rule 41A1 characterizes it. No, Your Honor. It strikes me as a problem. I don't actually want you to ignore it. What I want you to do is look at how those cases have characterized a joint stipulation dismissal versus a voluntary dismissal by a plaintiff. They have drawn a distinction there. That's important. And the Illinois Savings Statute draws a distinction. It doesn't just apply to any kind of dismissal. And that's critical. The cases that were relied on by the appellees, Gendek, for example, the issue here didn't arise there because in that case, the plaintiff actually did file a voluntary motion for dismissal initially, which has not occurred here. And in Jenkins, the issue wasn't raised. This court was looking at the question of when a voluntary dismissal by a plaintiff becomes effective, not whether a voluntary dismissal by a plaintiff is the same as a stipulation. The appellees have also argued that Mr. DeVore has engaged in a mismatch of state procedural law and federal. Can I ask you one question before you move on? Yes. If we conclude that the first dismissal was a voluntary dismissal, can you still prevail? If you conclude that the first dismissal was a voluntary dismissal alone or a voluntary dismissal by a plaintiff, Your Honor? That it had the effect of being a voluntary dismissal within the meaning of Rule 41, as you're saying. I mean, you're pointing us, and I understand why for purposes of your argument, I mean, you're pointing us to the federal cases, the two dismissal rule cases, right? But don't we get to the Illinois Savings Statute here as well? Well, here's the critical distinction that has to be made, Your Honor. The two dismissal rule cases first make a determination under federal procedural law how to characterize the dismissal that's occurred. And then they apply it, in that case, under the federal substantive law of the two dismissal rule. Here, I'm still saying the same characterization has to apply regardless of what the substantive law is that's going to apply underneath. But then you take the characterization that occurred in those cases, which is that a joint stipulation of dismissal is not the same as a voluntary dismissal by a plaintiff, and you apply it to the substantive law of the Illinois Savings Statute. And there, when you do that, because a joint stipulation dismissal is not one of the six enumerated categories in that rule, it cannot qualify as a triggering event under the statute. And so when the proper characterization is applied under the Illinois Savings Statute as narrowly construed and limited to the plain text of the six categories, a joint stipulation does not fit into any of them. And accordingly, Mr. Dvorak respectfully requests the court reverse the dismissal of the complaint. Turning briefly to count six, it is also not barred by the Illinois Savings Statute for a separate and distinct reason. The conduct alleged in that count was different from any conduct previously alleged, and it had to be, because the basis for that claim only came to light after Mr. Dvorak had filed the previous complaints. Count six represented the first time that Mr. Dvorak made claims against Athalee Layman, and he couldn't have alleged those claims any sooner, because Mr. Dvorak wasn't aware of the basis for the negligent misrepresentations by Mr. Layman until June of 2016. That case, as a result, it distinguishes this case from Muhammad v. Oliver, on which the Athalees arise, and it also brings a case within the holding of Hendricks v. Victory Memorial Hospital, where you have similar conduct relating generally to the same ideas, but it's a distinct separate act that you have here. And so for that reason, Mr. Dvorak also respects the request that the court reverse the decision of the district court dismissing count six. Thank you. Thank you, Mr. Lehner. Mr. Wexler. Thank you. May it please the court, Colin Wexler for Athalees. Your Honors, the main problem here for the appellant is that he's mixing apples and oranges. There's two different rules. There's a two-dismissal rule, and there's a Illinois one-refiling rule. The federal two-dismissal rule does not require the characterization of the dismissal. It applied in those Polaron-Prada case, as well as the Sutton Place case, to a very specific type of dismissal, one by, quote, notice. That's different than the definition that is set forth in the Illinois one-refiling rule that simply refers to a voluntary dismissal by the plaintiff. They're not the same. So when the case is determined in the federal two-dismissal rule that the federal two-dismissal rule applies, that doesn't mean that it's necessarily so that the Illinois one-refiling rule would come to the same conclusion. In fact, it would come to the opposite conclusion here. We both agree that the Illinois one-refiling rule applies to a, quote, voluntary dismissal by the plaintiff. The federal rules very clearly identify what sort of dismissals are voluntary by the plaintiff. It's under Federal Rule 41A1. It describes the distinction between voluntary and involuntary. One of them involuntary being something, for example, under Rule 12 where the plaintiff objects, where it doesn't want the case to be dismissed. Here, the plaintiff voluntarily chose to dismiss its case. The manner in which it could do it was also defined in Federal Rule 41A1. There are two ways, and it depends on whether or not an answer has been filed by the defendant. One is by filing a notice of dismissal. That would have been the trigger under the Federal two-dismissal rule. Then the other one is by filing a stipulation signed by all parties. In either case, make no mistake, it's by the act of the plaintiff in filing that stipulation of dismissal signed by all parties. Under this case, and again looking to Federal Rule 41A1, you have under A, voluntary dismissal by the plaintiff, which was effectuated by filing a stipulation of dismissal signed by all the parties. That's a voluntary act by the plaintiff dismissing the case. It's exactly what the Illinois One Refiling Rule provides. It's black and white. There's really no gray area there at all. There are two cases that we identified that consider the Illinois One Refiling Rule in the context of a voluntary dismissal after the plaintiff files a stipulation signed by all parties. Those two cases are Gendek v. Jahangir and Jenkins v. Maywood. The first being a 1988 Illinois Supreme Court, and the second one being a decision of this court from 2007. In both cases, the initial dismissal was effectuated by the filing of a stipulation signed by all parties. The Illinois One Refiling Rule was not triggered. The appellants make much about the fact that issue did not seem to be disputed in those cases, and it did not. I think that is accurate, but how could it be disputed when a stipulation dismissal voluntarily filed by the plaintiff ends their lawsuit? It's clearly a voluntary act, and the fact that the courts don't go into great detail about why it could be read as something different doesn't mean it is any different. The cases, as I identified at the beginning, cited by the plaintiffs, really are an opposite. They relate to a rule that is not at issue here. Critically, there's really nothing at all that's harsh about this result. The appellant made very specific strategic decisions in litigating its claims, and this court shouldn't relieve them of the consequences of those decisions. First, the appellant filed claims in federal court based on diversity jurisdiction against an LLC and a limited partnership without knowing the citizenship of the specific members or the limited partners. As this court, I'm sure, is aware, the citizenship of those parties is determined by the individuals who are the members or entities who are the members and the limited partners. It did that with the hopes of getting into federal court because it preferred that forum. When it came out that there wasn't diversity of citizenship, they voluntarily dismissed the case. They, on their own, chose to file that stipulation to end that litigation, really because they had to. They then went to the state court where they had every right and ability to litigate these claims on the merits. However, a motion to dismiss was filed by appellees on the primary claim raised by the plaintiffs below, appellants here, and got a successful decision from the state court judge there dismissing this primary claim. They had the right to replete it in the state court, but they made a strategic decision that rather than pursue those claims in a state court that had already dismissed the claim as pled, they would go to the federal court and might have better luck there. Accordingly, they voluntarily dismissed that case in state court. That was their strategic decision to move into the federal courts and refile their case for the third time. Having done all of this, they have to live with the consequences of those decisions, and to relieve them from it is not appropriate here. Quickly pointing out on these two additional issues, which are the refiled claim and the statute of limitations. First on the refiled claim, the appellants do not identify the right legal standard. The right legal standard is whether the claim would be barred by the doctrine of res judicata. That doesn't require specific identity among either the claims or the parties. All it has to do is arise out of the same operative facts, and in this case, the new claim which related to a statement that actions taken against the appellant were not approved by the Small Business Administration. That was clearly central to first and second iteration of these complaints. In the first lawsuit at paragraphs 31 and 32, and the second complaint that was filed at paragraphs 30 and 31, the appellant alleged that the partnership had taken actions without Small Business Administration approval. The exact same thing, that they are now claiming also gave rise to a new claim against an individual and the general partner of the partnership. So they're really exactly the same claims. The fact that more evidence was obtained later, allegedly supporting those claims, doesn't mean that it's a different claim. On the statute of limitations, the last point, the last argument raised on this appeal, there's a claim brought against Mr. Radzic personally, arising from advice he'd given, alleged advice in 2008. It's very clear, as Judge Durkin found below, that what they're really claiming here is a breach of fiduciary duty, which would have a five-year statute of limitations and clearly expired years before this complaint was filed. They try to preserve and save their claim by arguing that there is a continuing violation, but that doctrine doesn't have any application to a breach of fiduciary duty. Even if you were to consider Mr. Radzic's alleged advice as some independent tort, that the later acts that the appellant identified do not come within the case law in the continuing violation doctrine. The continuing violation doctrine identifies very specific additional tortious acts that happen later, all as part of one scheme. And here, the later acts that are identified aren't even those of Mr. Radzic. They're those of the partnership itself, when after the appellant defaulted under the partnership, the partnership took various actions against the appellant that it was permitted to do under the agreement. So what happened was, an event occurred in 2008, it caused a default in 2008, and then various, as the case law identifies it, ill effects stemmed from that initial action. That does not implicate the continuing violation doctrine, and so that claim is time barred. In sum, ultimately, and in conclusion, the plaintiff made a decision in this case. It chose to have its complaint dismissed. No one forced him to do it. He didn't object to getting his complaint dismissed. It was a voluntary decision. This voluntary decision was effectuated by the plaintiff filing a stipulation signed by all parties. And that voluntary dismissal is precisely what the Illinois 1 refiling rule applies to. And for that reason, this court should affirm the district court's dismissal in all respects. Thank you. Thank you, Mr. Wexler. Anything further, Mr. Leighton? Thank you. I just want to return to a few issues that were raised by a police counsel. The issue here is not whether the dismissal was voluntary or not. The question is whether it was just done by a plaintiff. Clearly, it wasn't. A joint stipulation is just that. It's joint. It can't be effected unilaterally, and that matters. That matters under the statute, the Illinois Saving Statute, which doesn't provide for that. And it matters because the case law under Rule 41 has drawn that distinction as well. There has been case law from the Supreme Court, from the Pennsylvania Department of Corrections case versus Yeske, that held that the headings of the statute are not relevant unless there's a particular question. This isn't a statute. It's a rule. Do you have any cases saying that the headings in the rules of federal procedure should be disregarded? There is a statute saying the headings in statutes don't count. There's no such statute for the rules. Your Honor, I would submit that they serve the same function and the same purpose. They are created in completely different ways, and as I say, there is no statute saying that the headings in the rules don't count. There is no statute that says the headings in the rules don't count, but there's case law that says that the statute's headings don't count. And what I'm saying is that... Is there any such case law, that's my question, about the rules? Your Honor, I did not identify any case law. They are really different critters. They may have been created differently, but they serve the same purpose. Your Honor, also, the appellees went in extensively about the reasons or the basis for why Mr. Dvorak may have brought his complaints where he did. That's not at issue here. The merits and the motivations don't go at issue here. It's the question of what actually occurred with the dismissals and who was involved with them. That's the important distinction here. I'd ask you all to focus on that and the narrow construction of a noise-saving statute. Thank you. Thank you very much. The case is taken under advisement, and the court will be in recess.